## PROVIDENCE AND WORCESTER RAILROAD COMPANY vs. YONKERS FIRE INSURANCE COMPANY.

The plaintiffs, the P. & W. R. R. Company, procured insurance in the defendant insurance company, the policy of insurance containing the following proviso : "Provided, all the property hereby insured is on premises owned or occupied by the Providence and Worcester Railroad Company, in Massachusetts and Rhode Island. . . . . It matters not whether the property is in motion on the road, at rest, or in buildings." *Held*, that by reason of this proviso the defendant insurance company was not liable for a loss occurring upon premises not used or occupied by the plaintiffs at the time of the issuing of the policy, although so used and occupied by them at the time of the loss.

BRAYTON C. J.[1] This action was brought to recover the sum of $10,000, the amount insured upon property of the plaintiffs by a policy bearing date June 28, 1870.

The jury trial was waived, and the case submitted to the court. On the trial the policy was submitted and admitted, in

---

[1] DURFEE, J., being interested in the Providence and Worcester Railroad, did not sit in this case.

which the property insured and the risk assumed by the defendants are described as follows : —

" On Passenger-houses, Freight-houses, Engine-houses, Car-Houses, Wood-houses, Dwelling-houses, Water-houses, Office Buildings, Machine Shops, all Shops used for iron or wood work, and any other buildings occupied by them for railroad purposes, whether now constructed or hereafter erected ; Bridges, Coal Bins, Turn-tables, Platforms ; all fixed and movable Machinery, Stationary Engines and Boilers, Tools, Furniture, Fixtures, and Implements in any of said buildings, and on Dwelling-houses or Stores owned or leased by them ; all Locomotives and Tenders and Cars of all kinds, whether ready for use or unfinished or under repair, including Cars belonging to other roads, for which this Corporation would be liable if damaged by fire while on the Providence and Worcester Road ; all Rolling Stock and Railroad Equipment, Wood, Coal, Merchandise, Stock, Materials and Supplies of all kinds used for railroad purposes ; also, any property for which the Corporation may be liable as common carriers for loss or damage by fire, provided all the property hereby insured is on premises owned or occupied by the Providence and Worcester Railroad Company, in Massachusetts and in Rhode Island, and apply to similar property belonging to them and used on the Milford and Woonsocket Railroad, leased and operated by said Providence and Worcester Railroad Company, and on that portion of the Boston, Hartford, and Erie Railroad connecting the Providence and Worcester and the Milford and Woonsocket Railroads, as well as on the main road. It matters not whether the property is in motion on the road, at rest, or in buildings. This policy is not liable for more than *twenty-five per cent.* of the sum insured thereby from any single fire, nor for more than *four per cent.* of the sum insured thereby from any loss to any single Car and Merchandise that may be on said roads between the Stations. This policy is not liable for Cotton or Hay while being transported on Platform Cars, or for Cars transporting the same.

" Fifty Thousand Dollars, including this policy, to be insured, to apply in same manner, or if less insurance should exist, the proportion of this policy for any loss to be calculated on the basis of not less than $50,000 total insurance.

" Liberty for further insurance without notice till requested. Liberty, also, to alter or repair any premises hereby insured as the interest of the insured may require, and to immediately rebuild or replace, in case of loss, such property herein insured as is required in the ordinary operation of the road, anything in the conditions of this policy to the contrary notwithstanding."

It was agreed by written statement, that at the time of the fire the property destroyed was upon a wharf in Providence, the wharf premises bounding on Dyer Street, and this leased and occupied by the plaintiffs for railroad purposes. That at the date of the policy, June 28, 1870, said wharf was owned by other persons than the plaintiffs, and occupied by such other persons; that the plaintiffs were, by an act of the general assembly, authorized to extend their rails from the termination of their main road, down Dyer Street, as far as they might deem proper; that they had extended them down to the entrance of this wharf, and that the owner of the wharf had laid rails upon said wharf, connecting with the plaintiffs' rails and tracks so laid. That the plaintiffs, after the making of the policy, namely, on the 26th of March following, leased a portion of the wharf, and, a few days after, purchased of the owners or lessees of the wharf, the rails so laid upon the wharf, and the coal bins, derricks, and other property on said wharf.

At the date of the policy the plaintiffs had, as all other persons who had occasion and who would pay therefor had done, used the said rails, coal bins, derricks, and the other property there, for the discharge, landing, and storage of coal and other merchandise, from time to time, by consent of the owners and lessees, the plaintiffs paying a certain price per ton for coal unloaded there, as others did, to the owners, and so of storage. The bins were built, and the rails laid, for the purpose of storing and moving merchandise intended to be transported over the plaintiffs' road, and were principally used for that purpose.

Upon this state of facts, the question was submitted whether the property destroyed, situated as it was at the time of the loss, was within the risk assumed by the defendants, or was, by the proviso, excluded from it.

It is claimed by the defendants that the proviso requires as a condition of their liability, that the property should be, at the

time of the loss, upon premises owned or occupied by the plaintiffs at the date of the contract of insurance. The plaintiffs say, that it is quite sufficient that they should be, at the time of the loss, owners or occupiers of the premises upon which the property insured may then be, and that the proper import of the language of the proviso is, that the property shall be at the time of the fire on premises which then may be owned or occupied by them.

It is quite clear that the policy was intended to cover property which the plaintiffs might not own at its date, or have in their care or keeping; that it covers buildings to be erected, rolling stock not then completed, merchandise not then in, but to come to, their hands as common carriers, materials and supplies constantly changing, wood, coal, and stock such as they might have from time to time for railroad purposes. To cover property of this description, property which, in the contemplation of the parties, the plaintiffs had not, but were thereafter to have, we must substitute " shall be " for " is " in the proviso, and read, " provided the property insured shall be upon premises owned," &c.

As to the situation of the property, the parties were evidently looking to the future, and the plaintiffs claim that the same construction should be given to the words " owned or occupied " in reference to the premises upon which the property should be, and upon premises which shall be owned or occupied.

We see nothing in the language necessarily to require this, and nothing in the circumstances surrounding the transaction to show that the parties were, in this respect, looking to the future, and contemplated the insurance of all and whatsoever property of the kind described — rolling stock, material, supplies, buildings newly erected, merchandise in their possession as common carriers which they might thereafter have upon other premises that they might buy, or lease, or occupy, or upon other roads which they might thereafter lease and occupy.

They were already occupying the Milford and Woonsocket Railroad, leased to them, besides their own road. The premises owned and occupied by the plaintiffs were known, and the amount of stock, material, supplies, wood, coal, and merchandise likely to be from time to time upon them, or necessary for the purposes

of the road, and the defendants might properly judge the extent of their risk. And we cannot presume an intent to leave it to the option of the insured to enlarge and extend it to any extent by extending their occupancy to other premises of the plaintiffs. There is nothing to indicate any such purpose. They have carefully provided that property of the kinds mentioned in the policy owned by them and used upon the Milford and Woonsocket Railroad, then leased and operated by them, should be covered by the policy, as well as property upon their main road, lest it might be doubted if it was covered by the terms "premises owned or occupied."

To include a risk which they could not have had in mind at the time, it is necessary to hold that the ownership intended was a present ownership.

We are of opinion, therefore, that the property was not within the risk assumed, and judgment must be for the defendants.

*Judgment for defendants.*

*Payne & Metcalf*, for plaintiffs.
*Currey & Hart*, for defendants.